**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**


     **vs.**                                        **1:14-cr-189**
                                                   **1:17-cv-722**
                                                       **(MAD)**

**ABDELMAJI K. LABABNEH,** *also known as*
**Abu Khalaf,** *also known as* **David,**


                              **Petitioner.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**OFFICE OF THE UNITED**          **JEFFREY C. COFFMAN, AUSA**
**STATES ATTORNEY**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924
Attorneys for the Government

**ABDELMAJI K. LABABNEH**
58275-054
CANAAN
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 200, Unit G
Waymart, Pennsylvania 18472
Petitioner *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On August 14, 2014, pursuant to a written plea agreement, Petitioner pled guilty to Count

1 of the Indictment charging him with conspiracy to possess with intent to distribute and

distribute a controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  *See* Dkt.

No. 25.  On June 9, 2016, the Second Circuit Court of Appeals issued a mandate affirming

Petitioner's conviction.  *See* Dkt. No. 46.

In a petition received by the Court on July 5, 2017, Petitioner now asks the Court to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 55. In his motion, Petitioner contends, among other things, that his retained counsel, Terrence Kindlon, provided him with ineffective assistance of counsel. Specifically, Petitioner asserts that Mr. Kindlon told him to take the plea deal and led him "to believe that he would get a light sentence of probation, time served, or a few months." *Id.* at 14. Specifically, Petitioner contends as follows: "Abdel pled guilty to selling synthetic marijuana only because his attorney told him if he pled guilty, he could go home immediately, and that he would not get a lot of jail time. He was told he would get time served, probation as others had received, or six months or less because synthetic marijuana is still for sale in gas stations and convenience stores all over the Bronx, where Abdel lived before he came to FPC Canaan." *Id.* at 15. Further, Petitioner alleges that the only reason he "pled guilty is because his constitutionally ineffective attorney promised him that he could go home immediately and that he would only get 5 or 6 months, despite the fact that his plea agreement, which Abdel could not even read, said up to 20 years and a fine of up to $1,000,000." *Id.* at 16.[1]

On July 11, 2017, the Government requested that the Court issue an order "(1) finding that the attorney-client privilege is waived as to the ineffective assistance of counsel claims raised by defendant Abdelmaji K. Lababneh in his July 11, 2017 motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 55), and (2) authorizing the defendant's former attorney, Terrence L. Kindlon, to provide information and produce documents, including an affidavit, in order to

---

[1] The Court notes that, although Petitioner contends that he cannot read or write English, no translator was ever requested or required during the previous proceedings and, during his interview with Probation, Petitioner acknowledged that "he can 'read, write and understand' the language [English]." Dkt. No. 34 at 16.

address the ineffective assistance of counsel claims raised by the defendant." Dkt. No. 56 at 1. For the reasons set forth below, the Government's request is granted.

"The attorney-client privilege cannot be used as both a shield and a sword, and he who holds the privilege may implicitly waive it if he asserts claims that cannot be fairly evaluated absent examination of protected communications." *Overbaugh v. United States*, 483 F. Supp. 2d 223, 225 (N.D.N.Y. 2007) (citations omitted); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *Tribune Co. v. Purcigliotti*, 93-CV-7222, 1997 WL 10924, *5-*6 (S.D.N.Y. Jan. 10, 1997). "When a habeas petitioner asserts that his trial counsel was ineffective and bases that assertion on claims involving privileged communications, the privilege is waived regarding those conversations." *Overbaugh*, 483 F. Supp. 2d at 225 (citations omitted); *see also Graziose v. United States*, No. 03-CV-8109, 2004 WL 102699, *1 (S.D.N.Y. Jan. 21, 2004); *Coluccio v. United States*, 289 F. Supp. 2d 303, 304-05 (E.D.N.Y. 2003); *United States v. Gallego*, 944 F. Supp. 309, 322 (S.D.N.Y.1996). Under such circumstances, the allegedly ineffective lawyer should be heard, either through testimony, affidavits, or briefs. *See Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998).

In the present matter, the Court has no difficulty concluding that, inherent in Petitioner's claim that his counsel was ineffective is an implicit waiver of the attorney-client privilege with respect to the communications that took place regarding Petitioner's decision to plead guilty. The Court notes that this privilege waiver is not unlimited or absolute, but only extends to those protected communications that Mr. Kindlon must, by necessity, divulge in order to rebut Petitioner's specific allegations that rely on privileged matters.

Accordingly, the Court hereby

**ORDERS** that, because Petitioner has filed a petition challenging his former attorney's conduct and effectiveness, that attorney, Terrence Kindlon, is no longer bound to protect any so-called attorney-client communications, insofar as they are relevant to the claims made and defenses raised on account of the petition.  This waiver is not, of course, limited to conversations, but also includes any writings, memoranda, notes, or similar materials that have a bearing on the issues now before the Court.

**IT IS SO ORDERED.**

Dated:  July 14, 2017
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

4