July 14, 2017

Hon. Mae A. D'Agostino
U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 407
Albany, NY 12207

<u>Re: United States v. Abdelmaji K. Lababneh, 1:14-CR-00189 1:17-cv-722 (MAD)</u>

Dear Judge D'Agostino:

Please accept this letter on behalf of the 2255 Petitioner Abdelmajid Lababneh in opposition to the government's request to order Attorney Kindlon to divulge Attorney-Client Privileged conversations (Dkt. No. 56) or in the alternative please accept this as a Motion for Reconsideration to Your Honor's order of July 14, 2017 (Dkt. No. 57).

Before discussing the reasons why it is both unnecessary and inappropriate to put Attorney Kindlon in such a bad situation, we wish to express our gratitude to Your Honor and the Court for putting Abdel's case on a fast track. Abdel's friends at Canaan have already told him that Your Honor's expeditious handling of his 2255 Petition is extraordinary and is gratefully appreciated by both Abdel's friends at Canaan and his family.

Second, we want to assure Your Honor that Abdel speaks English well enough to sell cigarettes in the Bronx or to play cards at Canaan, but there is no way that he understood the complexities of a Plea Agreement that allowed Your Honor to sentence him to 20 years for conduct that was legal in April of 2013 but somehow became illegal in May of 2013 while he was visiting Jordan.

Third, Your Honor can grant Abdel's Petition without putting Attorney Kindlon in an awkward and most difficult position. After a distinguished career, Attorney Kindlon retired and

instead of playing golf like most retirees, he became a Public Defender at $50,000 a year. Your Honor's Order (Dkt. No. 57) would have a man known as the "Perry Mason of Albany" betray a former client. That is not good for the Criminal Defense Bar and is certainly not good for Attorney Kindlon. Respectfully, there is a much better way for Your Honor to proceed.

For example, please notice that the government's letter motion (Dkt. No. 56) does not mention a single recent case – not one – since the Supreme Court's decision in *Missouri v. Frye,* 132 S. Ct. 1399 (2012) and *Lafler v. Cooper,* 566 U.S. 156, 165 (2012), creating the right of Effective Counsel under the Sixth Amendment to the Plea Agreement process and "taking a plea" and pleading guilty. Nor is there any mention of *Padilla v. United States,* 130 U.S. 1473, 1480-81 (2010) where a guilty plea is not "knowing" and "voluntary" or "intelligently given" if the attorney does not explain all the negative downsides of taking a plea.

Moreover, while it is certainly understandable the government does not mention any cases since the Supreme Court decided *Lee* a few weeks ago (See *Lee v. United States,* 16-327 (June 23, 2017)), there is also no mention of *Hinton v. Alabama,* 134 S. Ct. 1081 (2014), where the Supreme Court made it clear that under the *Strickland* standard, all that Abdel needs to show is that if his attorney had done something differently, there might have been a different result. In this case, had Attorney Kindlon negotiated an 11(c)(1)(C) plea agreement for a year and a day - which is common for synthetic marijuana (others have received probations) - none of us, including Abdel, would be here right now. Your Honor has the power to reduce Abdel's sentence to time served and not embarrass Attorney Kindlon.

As Your Honor knows, even the best attorneys can make a mistake that renders their counsel ineffective. See e.g. *Hinton* at 1089. Your Honor also knows that *Frye* and *Lafler* have created a Sixth Amendment constitutional right to having "Effective Counsel" at all stages of a

criminal proceeding including drafting a plea agreement and pleading guilty and receiving a reduced sentence. This Attorney Kindlon did not do. The proof is in the pudding, and it matters not whether Abdel was a Rhodes Scholar or a cigarette salesman from the Bronx. Abdel did not receive Effective Counsel and if he had, things would have turned out differently. That is the *Strickland* standard in a nutshell as explained by the Supreme Court in *Hinton,* and if Abdel had known he would be away from his family for eight years, he never would have pleaded guilty in the first place. That is the Supreme Court's holding in *Padilla.* None of these issues are raised in the government's motion letter (Dkt. No. 56). Instead, the government wants to put Attorney Kindlon in an awkward and embarrassing position while depriving Abdel of yet one more constitutional right because the Attorney-Client Privilege belongs to the Accused and not the Attorney.

Finally, as Your Honor knows well, it is Black-Letter law in the Second Circuit that a plea agreement entered into without the "Effective Assistance of Counsel" and even a guilty plea can be unenforceable and may be vacated – even after the sentence has been served. See e.g. *Qiao v. United States,* 2007 WL 4105813 (SDNY 2007) where a defendant brought a *Writ of Coram Nobis* to vacate his guilty plea and conviction for mail fraud after he served his sentence. The rationale for this result is that "the very **product** of the alleged ineffectiveness cannot fairly be used to bar a claim of **ineffective assistance of counsel**." See *United States v. Hernandez,* 242 F.3d 110, 113–14 (2d Cir. 2001) citing *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir.1999). Similarly, a section 2255 waiver would be unenforceable where the asserted ground for challenging the sentence is ineffective assistance of counsel in connection with the plea negotiations or the agreement itself.     See e.g. *Jones v. United States,* 167 F.3d at 1145;

*Balbuena v. United States*, 104 F.Supp.2d 218, 220 (S.D.N.Y.2000); *Rosa v. United States*, No. 99 Civ. 3499, 2001 WL 1399500, at *4 (S.D.N.Y. Oct. 18, 2001).

Therefore, we respectfully request that Your Honor reconsider the Court's Order (Dkt. No. 57) and save Attorney Kindlon from any undue embarrassment in this matter. If the government cannot surmount *Padilla, Frye, Lafler,* and *Lee,* there is no reason to bother Attorney Kindlon and waste Your Honor's time.

Respectfully Submitted,

s/s <u>Abdelmajid Lababneh</u>
Abdelmajid Lababneh
Pro-Se Petitioner
Incarcerated Inmate
Reg. #58275-054
Federal Prison Camp Canaan
Unit G
P.O. Box 200
Waymart, PA 18472



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.