1

1      UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF NEW YORK

3

4 UNITED STATES OF AMERICA,   )
               )
5             ) CASE NO.: 1:14-CR-189
               )
6   VS.          )
               )
7 ABDELMAJI K. LABABNEH,    )
      Defendant.   )
8 _____)

9

10      **TRANSCRIPT OF PROCEEDINGS**
    **BEFORE THE HONORABLE MAE A. D'AGOSTINO**
11     **THURSDAY, AUGUST 14, 2014**
       **ALBANY, NEW YORK**

12

13

14 **FOR THE GOVERNMENT:**
    Office of the United States Attorney
15   By:  Jeffrey C. Coffman, AUSA
    445 Broadway, Room 214
16   Albany, New York  12207

17

18 **FOR THE DEFENDANT:**
    Kindlon & Shanks
19   By:  Terence L. Kindlon, Esq.
    74 Chapel Street
20   Albany, New York  12207

21

22

23

24    **THERESA J. CASAL, RPR, CRR, CSR**
    Federal Official Court Reporter
25    445 Broadway, Room 509
    Albany, New York  12207

    *THERESA J. CASAL, RPR, CRR*
  *UNITED STATES DISTRICT COURT — NDNY*

*USA v. Lababneh - 14-CR-189*

1                    (Court commenced at 12:43 PM.)

2              THE COURT:  Be seated everyone.

3              THE CLERK:  Today is Thursday, August 14, 2014.

4   The time is 12:43 PM.  The case is United States of America

5   versus Abdelmaji K. Lababneh, also known as Abu Khalaf, also

6   known as David, case number 14-CR-189.  We are here today

7   for a change of plea hearing.  May we have appearances for

8   the record, please?

9              MR. COFFMAN:  Jeffrey Coffman for the United

10  States.  Good afternoon, your Honor.

11             THE COURT:  Good afternoon.

12             MR. KINDLON:  Terence Kindlon, 74 Chapel Street,

13  here on behalf of Mr. Lababneh, who is present in court

14  seated at counsel table to my immediate right.  Good

15  afternoon, your Honor.

16             THE COURT:  All right.  Good afternoon all.  I

17  understand we're here today because the defendant wants to

18  enter a guilty plea, is that correct?

19             MR. KINDLON:  That is correct, your Honor.

20             THE COURT:  All right.  Britney, would you swear

21  in Mr. Lababneh?

22             THE CLERK:  Would you please raise your right hand

23  and state your full name for the record?

24             THE DEFENDANT:  Abdelmaji Lababneh.

25                    (Defendant duly sworn.)

                    *THERESA J. CASAL, RPR, CRR*
                *UNITED STATES DISTRICT COURT - NDNY*

A-33

*USA v. Lababneh — 14-CR-189*

1        THE COURT: All right, be seated, sir.

2   Mr. Lababneh, I'm going to ask you some questions under oath

3   now.  Please answer right into the microphone so I can hear

4   your answers.

5        Before I accept your plea, I must explain to you

6   the rights that you give up by pleading guilty and the

7   consequences of pleading guilty, and I'll ask you some

8   questions, and if I'm satisfied that your plea is knowing

9   and intentional, I will accept it.  However, before I go

10  further, let me ask you:  Have you received and read a copy

11  of the indictment?

12        THE DEFENDANT:  Yes, Honor.

13        THE COURT:  Have you had adequate time and

14  opportunity to discuss the indictment and all aspects of

15  your case with your attorney, Mr. Kindlon?

16        THE DEFENDANT:  Yes, Honor.

17        THE COURT:  Since you're pleading guilty, you're

18  giving up your right to a trial and I will now discuss with

19  you some of those rights.

20        You have the right to continue to plead not

21  guilty.  You have a right to be represented by an attorney

22  at trial and at every other stage of the proceedings, and if

23  you cannot afford one, one will be appointed for you by the

24  Court.  You have the right to a speedy and a public trial by

25  an impartial jury or to a trial by the Court without a jury

*USA v. Lababneh — 14-CR-189*

1    if you consented, the Government consented and the Court

2    approved.  At the trial, you would be presumed to be

3    innocent under the law and the burden of proof would be upon

4    the Government to establish your guilt beyond a reasonable

5    doubt to the satisfaction of a jury or to the satisfaction

6    of the Court if you waived a jury trial, the Government

7    consented and the Court approved.

8            At the trial, you would have the right to confront

9    any witnesses against you, the right to see and hear those

10   witnesses and to cross-examine them.  You would have the

11   right to remain silent or to testify in your own behalf, but

12   you could not be compelled to incriminate yourself or to

13   testify at all, and your silence could not be held against

14   you in any way, and no inference of guilt could be drawn

15   against you from your failure to testify.  You would have

16   the right to use the subpoena or other processes of the

17   Court to compel witnesses to attend trial and testify and

18   also to obtain documentary evidence which you might wish to

19   offer in your defense.

20           If I accept your plea of guilty, sir, you are

21   waiving -- that is, you are giving up -- each of these

22   rights that I've just listed, there will be no trial and I

23   will have the same power to sentence you as if you had been

24   found guilty after a trial on the count to which you're

25   pleading guilty.

*USA v. Lababneh - 14-CR-189*

1    Mr. Lababneh, do you understand that if your plea
2  is accepted, you will be adjudged guilty of that offense the
3  same as if there was a jury trial, and the jury, after
4  hearing all of the evidence, found you guilty?
5    THE DEFENDANT:  Yes, Honor.
6    THE COURT:  After the clerk takes your plea, I'm
7  going to ask you if you're pleading guilty freely and
8  voluntarily; about whether any promises of leniency have
9  been made to induce you to plead guilty, other than what is
10  contained in the plea agreement and the addendum, if any;
11  about whether threats or force have been used to induce you
12  to plead guilty; about whether, as you stand here today,
13  you're under the influence of any narcotics, drugs, pills or
14  medicines which would, in any way, impair your ability to
15  understand the nature of the charge and the consequences of
16  pleading guilty; about whether you did, in fact, commit the
17  crime charged so that I can determine whether there is a
18  factual basis for your plea.  You will answer my questions
19  under oath, on the record, in the presence of your attorney.
20  Your answers, if not truthful, could later be used against
21  you in a prosecution for perjury or for making a false
22  statement.

23    I will again assure myself that you've been given
24  a copy of the charge -- the indictment -- that you've read
25  it, you understand it, and I will assure myself that you've

*USA v. Lababneh - 14-CR-189*

1  had an opportunity to discuss this case with your attorney
2  and that your attorney has advised you of the nature of the
3  charge, your rights, the factual basis for the plea and the
4  consequences of pleading guilty, and that you and your
5  attorney have discussed any viable defenses that you might
6  have.  And then I will question your attorney separately.

7           I must also tell you that your guilty plea
8  constitutes a waiver of your right against
9  self-incrimination so I want to warn you not to plead guilty
10 unless you are, in fact, guilty of the charge made against
11 you in Count I of the indictment to which you are pleading
12 guilty.

13          Mr. Lababneh, do you understand all of the rights
14 that you have, sir?

15          THE DEFENDANT:  Yes, Honor.

16          THE COURT:  Do you still wish to plead guilty?

17          THE DEFENDANT:  Yes, Honor.

18          THE COURT:  All right.  Britney, would you take
19 the plea?

20          THE CLERK:  Mr. Lababneh, would you please stand?
21 In the case of the United States of America versus
22 Abdelmaji K. Lababneh, also known as Abu Khalaf, also known
23 as David, case number 14-CR-189, the grand jury charges, in
24 Count I of the indictment, conspiracy to possess with intent
25 to distribute and distribute a controlled substance.

*USA v. Lababneh — 14-CR-189*

1  Between on or about May 17, 2013, and on or about May 23,

2  2013, in Rensselaer County, in the Northern District of

3  New York, and elsewhere, the defendant, Abdelmaji K.

4  Lababneh, and others, conspired to knowingly and

5  intentionally possess with intent to distribute and to

6  distribute a controlled substance, in violation of Title 21,

7  United States Code, Section 841(a)(1). As to defendant

8  Abdelmaji K. Lababneh, the violation involved XLR11, a

9  Schedule I controlled substance, in violation of Title 21,

10  United States Code, Section 841(b)(1)(C).

11          All in violation of Title 21, United States Code,

12  Section 846.

13          Mr. Lababneh, how do you plead to Count I of the

14  indictment?

15          THE DEFENDANT: Guilty.

16          THE CLERK: Do you acknowledge and admit to the

17  forfeiture allegation?

18          THE DEFENDANT: Yes.

19          THE CLERK: Thank you.

20          THE COURT: All right. Be seated, sir.

21  Mr. Lababneh, just for the record, again, would you tell me

22  your full name?

23          THE DEFENDANT: Abdelmaji Lababneh.

24          THE COURT: How old are you?

25          THE DEFENDANT: Forty-eight.

*USA v. Lababneh - 14-CR-189*

1          THE COURT:  What country or countries are you a

2   citizen of?

3          THE DEFENDANT:  Jordon.

4          MR. KINDLON:  And U.S.

5          THE DEFENDANT:  And USA.

6          THE COURT:  What's the highest grade of school

7   that you completed?

8          THE DEFENDANT:  College.

9          THE COURT:  Where are you living at the present

10   time?

11          THE DEFENDANT:  Now?

12          MR. KINDLON:  If you're released.

13          THE DEFENDANT:  267 East 202nd Street,

14   apartment 4, Bronx, New York, 10458.

15          THE COURT:  Are you married?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Do you have children?

18          THE DEFENDANT:  Yes.

19          THE COURT:  How old are your children?

20          THE DEFENDANT:  The youngest one is one week.

21          THE COURT:  What type of work do you usually do?

22          THE DEFENDANT:  Suppliers.

23          THE COURT:  Were you working before you were

24   arrested?

25          THE DEFENDANT:  Yes.

*USA v. Lababneh - 14-CR-189*

1       THE COURT:  And what was that work again?

2       THE DEFENDANT:  Recycle bag -- garbage bag and

3  recycling bag and shopping bag.

4       MR. KINDLON:  He sells paper products to stores,

5  your Honor.

6       THE COURT:  Okay.  Do you use narcotics at the

7  present time?

8       THE DEFENDANT:  No.

9       THE COURT:  Have you ever used narcotics in the

10  past?

11       THE DEFENDANT:  Never.

12       THE COURT:  Have you taken any drugs, narcotics or

13  alcohol within the last 24 hours?

14       THE DEFENDANT:  Never.

15       THE COURT:  Are you taking any kind of pills,

16  drugs or medicine that's been prescribed for you by a

17  doctor?

18       THE DEFENDANT:  Yes.

19       THE COURT:  What are you taking?

20       THE DEFENDANT:  Sinvastin, Metformin, it's for

21  blood pressure and cholesterol and diabetic.

22       THE COURT:  Okay.

23       THE DEFENDANT:  And aspirin, 80 milligram a day.

24       THE COURT:  Are you being treated for any issues

25  with your mental health at the present time?

*USA v. Lababneh - 14-CR-189*

1           THE DEFENDANT:  No.

2           THE COURT:  Is there any reason why your ability

3    to understand our discussion today is hindered or impaired

4    in any way?

5           THE DEFENDANT:  No.

6           THE COURT:  Was your attorney hired by you or

7    appointed by the Court?

8           THE DEFENDANT:  By me.

9           THE COURT:  Are you fully satisfied with

10   Mr. Kindlon's representation of you?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Has he advised you of your rights?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Is there anything that you need to ask

15   the Court about this proceeding?

16          THE DEFENDANT:  No.

17          THE COURT:  Has your lawyer or any Assistant

18   United States Attorney, any Government agent or anyone else

19   made any promise that you would be treated leniently or any

20   other kind of promise to induce you to plead guilty, other

21   than what is contained in the plea agreement and the

22   addendum, if any?

23          THE DEFENDANT:  No.

24          THE COURT:  Has any force or threat been used

25   against you to induce you to plead guilty?

**USA v. Lababneh - 14-CR-189**

1             THE DEFENDANT:  No.

2             THE COURT:  Are you pleading guilty freely and

3     voluntarily?

4             THE DEFENDANT:  Yes.

5             THE COURT:  Are you presently on probation from

6     any other court or on parole from any institution?

7             THE DEFENDANT:  No.

8             THE COURT:  Have you ever been arrested before?

9             THE DEFENDANT:  Yes.

10            THE COURT:  Do you know if that was for a felony

11    or a misdemeanor or both?

12            THE DEFENDANT:  Felony.

13            THE COURT:  Mr. Coffman, does the Government have

14    sufficient evidence to prove this defendant guilty beyond a

15    reasonable doubt?

16            MR. COFFMAN:  Yes, your Honor.

17            THE COURT:  All right.  Mr. Lababneh, in just a

18    minute, I'm going to ask Mr. Coffman to state what the

19    Government would prove if this case had gone to trial.  I

20    want you to listen because after he does that I'm going to

21    ask you if that's what you did and what happened.

22            So, Mr. Coffman, would you go ahead and state what

23    the Government would prove if this case had gone to trial?

24            MR. COFFMAN:  Your Honor, if this matter were to

25    proceed to trial, the Government would prove the following

*USA v. Lababneh - 14-CR-189*

1   beyond a reasonable doubt:

2          First, that the conspiracy, agreement or

3   understanding between two or more persons to join together

4   to accomplish the unlawful purpose of possessing with intent

5   to distribute and distributing a controlled substance

6   described in Count I of the indictment in 1:14-CR-189 was

7   formed, reached or entered into by two or more persons; at

8   some time during the existence or life of the conspiracy,

9   agreement or understanding, the defendant knew the purpose

10  of the agreement and then deliberately joined the

11  conspiracy, agreement or understanding; and the

12  participation of the defendant in the conspiracy and the

13  acts of others in furtherance of the conspiracy reasonably

14  foreseeable to the defendant involved the possession with

15  intent to distribute and distribution of a mixture or

16  substance containing XLR11, a Schedule I controlled

17  substance.

18         Specifically, your Honor, the Government would

19  prove the following beyond a reasonable doubt:

20         On March 28, 2013, the defendant met with a Drug

21  Enforcement Administration confidential source in the Bronx,

22  New York.  Their conversation was recorded.  The

23  confidential source requested that the defendant send a

24  quantity of synthetic cannabinoid to the confidential source

25  in Troy, New York.  The defendant stated that he would be

*USA v. Lababneh — 14-CR-189*

1  traveling to Jordon for at least a month but that his

2  partner would, quote, be here doing my business and that the

3  synthetic cannabinoid would be driven to the confidential

4  source.

5         On May 21, 2013, while outside the United States,

6  the defendant spoke with a co-conspirator, C1, by phone and

7  instructed C1 to deliver a quantity of the synthetic

8  cannabinoid to the confidential source in Troy, New York.

9         And then on May 23, 2013, C1 delivered

10  approximately 99 kilograms of the synthetic cannabinoid

11  containing XLR11 to the confidential source in Troy,

12  New York.

13         Thank you, your Honor.

14         THE COURT:  All right.  Mr. Lababneh, you just

15  heard what the Government said they could prove if this case

16  had gone to trial.  Is that what you did and what happened

17  in this case?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Is that your understanding,

20  Mr. Kindlon?

21         MR. KINDLON:  It is, your Honor.

22         THE COURT:  There is a plea agreement, correct,

23  Mr. Coffman?

24         MR. COFFMAN:  That's correct, your Honor.

25         THE COURT:  Would you inform the Court and the

*USA v. Lababneh — 14-CR-189*

1   defendant about any stipulations in the plea agreement
2   relating to the Sentencing Guidelines?

3           MR. COFFMAN:  Yes, your Honor.  The parties
4   stipulate in the plea agreement that the defendant is
5   personally accountable for approximately 99 kilograms of the
6   synthetic cannabinoid containing XLR11 in that the defendant
7   was personally involved in that quantity or it was
8   reasonably foreseeable to the defendant that the conspiracy
9   involved that quantity.

10          The only other stipulations in the plea agreement,
11  your Honor, relate to credit for acceptance of
12  responsibility, assuming the defendant meets the
13  requirements of the Sentencing Guidelines.

14          THE COURT:  All right, thank you.  Mr. Lababneh,
15  do you understand the plea agreement and the addendum, if
16  any?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Have you carefully gone over that
19  document with your attorney?

20          THE DEFENDANT:  Yes.

21          THE COURT:  I must inform you that the Court is
22  not bound by any of the stipulations in the plea agreement.
23  Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand that by pleading

*USA v. Lababneh - 14-CR-189*

1  guilty you're waiving certain rights, including the right to
2  be presumed innocent until proven guilty beyond a reasonable
3  doubt; the right to plead not guilty; the right to a trial
4  by jury; the right to confront, cross-examine and compel the
5  attendance of witnesses at trial; the right to present
6  evidence in your defense; the right to remain silent and
7  refuse to be a witness against yourself by asserting the
8  privilege against self-incrimination.  Do you understand
9  that you're waiving all of those rights?

10          THE DEFENDANT:  Yes, Honor.

11          THE COURT:  Do you understand that, as set forth
12  in the plea agreement, you are waiving any and all rights to
13  appeal or collaterally attack your conviction and any
14  sentence of 240 months or less, including any issues with
15  respect to the establishment of the advisory Sentencing
16  Guideline range or the reasonableness of the sentence
17  imposed?

18          THE DEFENDANT:  Yes, Honor.

19          THE COURT:  Do you understand that if the Court
20  decides to impose a sentence exceeding 240 months, this
21  would not permit you to withdraw your guilty plea or to
22  appeal or collaterally attack your conviction but would
23  merely allow you to appeal or collaterally attack the
24  sentence imposed by the Court to the extent permitted by the
25  law, specifically 18, United States Code, Section 3742 and

*USA v. Lababneh - 14-CR-189*

1    28, United States Code, Section 2255?

2          THE DEFENDANT: Yes, Honor.

3          MR. COFFMAN: Your Honor, I'm sorry for

4    interrupting. The plea agreement, as far as the waiver, the

5    parties have -- and you may be way ahead of me and intend to

6    address this, just cut me off if that's the case -- is that

7    the case?

8          THE COURT: Say that again.

9          MR. COFFMAN: The waiver in the plea agreement,

10    the parties have agreed that the defendant waives the right

11    to appeal any sentence of 240 months or less, except the

12    defendant reserves the right to challenge on direct appeal a

13    decision by the District Court at sentencing to calculate

14    the base offense level using a conversion ratio of 1 to 167,

15    pursuant to the applicable Sentencing Guidelines.

16          THE COURT: Okay. So that's paragraph 7 of the

17    plea agreement?

18          MR. COFFMAN: That's right. Paragraph 7(b).

19          THE COURT: All right. And have you gone over

20    that with your client, Mr. Kindlon?

21          MR. KINDLON: Yes, your Honor.

22          THE COURT: All right.

23          MR. KINDLON: It's analogous to what we used to do

24    with crack cocaine, so we have discussed this.

25          THE COURT: All right. Thank you for that

Δ-Δ7

*USA v. Lababneh - 14-CR-189*

1    clarification.  All right, Mr. Coffman, would you inform the

2    defendant and the Court what the sentencing possibilities

3    are in this case?

4         MR. COFFMAN:  Yes, your Honor.  The maximum

5    statutory term of imprisonment is 20 years; there is a

6    $1 million maximum statutory fine; and there's a term of

7    supervised release with a three year maximum that would be

8    followed with a term of an additional two years -- up to an

9    additional two years if the conditions of that supervised

10   release were violated; there's a $100 special assessment;

11   and then there are the collateral consequences of a felony

12   conviction, including for noncitizens likely deportation,

13   including the right -- the loss of the right to bear a

14   firearm and to vote.

15        THE COURT:  All right.  And do you know what the

16   projected Sentencing Guideline range might be?

17        MR. COFFMAN:  Yes, your Honor.  The Government has

18   prepared an estimate and I would just, as always, note that

19   this is an estimate and that if it were incorrect, it would

20   not enable the defendant to withdraw his plea.

21        The 99 kilograms of cannabinoid containing XLR11

22   translates into approximately 16,500 kilograms of marijuana,

23   which becomes base offense level 36.  However, assuming the

24   anticipated amendments to the Guidelines take effect, that

25   would become 34.  The defendant may also receive a plus two

*USA v. Lababneh - 14-CR-189*

1   enhancement for his role in the offense.  And assuming the

2   defendant receives the full three-point reduction for

3   acceptance of responsibility, the Government's estimate is

4   offense level 33, criminal history category II, which

5   becomes 151 to 188 months, assuming there are no further

6   reductions to the offense level.

7            THE COURT:  All right, thank you.  Mr. Lababneh,

8   has your attorney discussed the Sentencing Guidelines with

9   you and how they may apply to your case?

10           THE DEFENDANT:  Yes, Honor.

11           THE COURT:  Do you understand that I will consider

12  those Guidelines in determining your sentence?

13           THE DEFENDANT:  Yes, Honor.

14           THE COURT:  Do you understand that I won't be

15  able to determine what the guideline range will be until

16  after I receive and review the presentence investigation

17  report?

18           THE DEFENDANT:  Yes, Honor.

19           THE COURT:  Do you understand that after your

20  guideline range has been determined, the Court has the

21  authority, in some circumstances, to depart from the range

22  and impose a sentence that is more severe or less severe

23  than the sentence called for by the Guidelines?

24           THE DEFENDANT:  Yes, Honor.

25           THE COURT:  Do you understand that a finding of

*USA v. Lababneh - 14-CR-189*

1  guilty may deprive you of certain valuable civil rights,

2  such as the right to vote, the right to hold public office,

3  the right to serve on a jury and the right to possess a

4  firearm.

5             THE DEFENDANT:  Yes, Honor.

6             THE COURT:  There are other factors that I have to

7  consider in sentencing you and I will tell you about those

8  now.  These are under Section 3553(a) of Title 18, and they

9  include:

10            The nature and circumstances of the offense and

11  your history and characteristics as the defendant; the

12  seriousness of the offense; the need to promote respect for

13  the law and to provide just punishment for the offense; the

14  need to afford adequate deterrence of criminal conduct; the

15  need to protect the public from further crimes; the need to

16  provide you with appropriate education, vocational, medical

17  or other treatment in an effective manner; any pertinent

18  policy issues issued by the Sentencing Commission; the need

19  to avoid unwarranted sentence disparities; and the need to

20  provide restitution to the victims, if any, of the offense.

21            Do you understand, sir, that parole has been

22  abolished in the federal system and if you are sentenced to

23  prison, you will not be released on parole?

24            THE DEFENDANT:  Yes, Honor.

25            THE COURT:  Do you understand that if I decide I

*USA v. Lababneh - 14-CR-189*

1   do not agree with the sentencing stipulations in the plea
2   agreement, other than what's set forth in the plea agreement
3   at paragraph 7, you may not withdraw your plea?

4           THE DEFENDANT:  Yes, Honor.

5           THE COURT:  Now that you've been informed of the
6   penalties, to the extent that we know them, and the
7   Sentencing Guidelines, and my role under the Guidelines, do
8   you still wish to plead guilty?

9           THE DEFENDANT:  Yes, Honor.

10          THE COURT:  Are you pleading guilty because you
11  are guilty and for no other reason?

12          THE DEFENDANT:  Yes, Honor.

13          THE COURT:  You've advised me that you've read the
14  indictment, that you understand the charge against you, and
15  that you've had an opportunity to discuss those charges with
16  your attorney.  Do you now understand the penalties that
17  could be imposed upon you after pleading guilty?

18          THE DEFENDANT:  Yes, Honor.

19          THE COURT:  Other than what's contained in the
20  plea agreement and the addendum, if any, have any promises
21  been made to you as to what your sentence might be?

22          THE DEFENDANT:  Yes, Honor.

23          THE COURT:  Do you understand that in --

24          MR. COFFMAN:  Your Honor, I think the defendant
25  said "yes" to the prior question.

*USA v. Lababneh – 14-CR-189*

1          MR. KINDLON:  Listen carefully.

2          THE COURT:  Theresa, what was my last question?

3               (Record read back.)

4          THE COURT:  Do you want to answer that?

5          THE DEFENDANT:  No.

6          THE COURT:  Okay.  Do you understand that page 5

7  of the plea agreement, paragraph 7, states that you waive or

8  you give up any and all rights, including those conferred by

9  18, United States Code, Section 3742 and 28, United States

10 Code, Section 2241 and 2255 to appeal and/or collaterally

11 attack the following, except that you do not waive your

12 right to raise a claim based on the alleged ineffective

13 assistance of counsel?  All of these are listed in paragraph

14 7, but to err on the side of caution, I'll go over them:

15 The conviction resulting from the defendant's guilty plea,

16 that's A; B, any sentence to a term of imprisonment of

17 240 months or less, except that the defendant reserves the

18 right to challenge on direct appeal a decision by the

19 District Court at sentencing to calculate the base offense

20 level using a conversion ratio of 1 to 167 pursuant to

21 United States Sentencing Guideline Section 2D1.1 and comment

22 note 8(D); C, any sentence to a fine within the maximum

23 permitted by law; D, any sentence to a term of supervised

24 release within the maximum permitted by law; E, any order of

25 forfeiture or restitution imposed by the Court that is

*USA v. Lababneh - 14-CR-189*

1    consistent with governing law and is not contrary to the
2    terms of this agreement; and that nothing in this appeal
3    waiver is meant to be or should be construed as a
4    representation of or agreement concerning the appropriate
5    sentence in this case.  Do you understand all that and has
6    your attorney gone over that with you, sir?

7              THE DEFENDANT:  Yes, Honor.

8              THE COURT:  All right.  Mr. Kindlon, could you
9    state for the record briefly your background and experience
10   with particular reference to the Sentencing Guidelines?

11             MR. KINDLON:  Yes, your Honor.  Admitted to
12   practice in this court in 1974, have tried over a dozen
13   cases -- criminal cases -- to verdict in the Northern
14   District.  Also admitted in the Western District, the Second
15   Circuit and the Supreme Court.  I have been practicing under
16   the Guidelines since they came along in '84, I think it was,
17   or '86, and I've attended at least ten seminars on the
18   proper application of the Federal Sentencing Guidelines.

19             THE COURT:  About how much time have you spent
20   with your client on this matter?

21             MR. KINDLON:  I came in after this matter had been
22   commenced.  When I came in, my client was represented by the
23   Federal Defender's Office and he had already been through
24   the initial detention hearing and arraignment with Judge
25   Hummel.  I made a motion to reopen the detention hearing and

*USA v. Lababneh - 14-CR-189*

1   submitted a brief.  Judge Hummel denied that and

2   Mr. Lababneh and I have spent probably upwards of 30 hours,

3   either in person or on the telephone, discussing the facts

4   and circumstances of this case and also the question of

5   whether or not XLR11 is, indeed, a Schedule I controlled

6   substance.  And so I would say it's been in excess of

7   30 hours altogether.

8           THE COURT:  Have you advised Mr. Lababneh of his

9   rights, the nature of the charge against him and the

10  consequences of pleading guilty?

11          MR. KINDLON:  Yes, your Honor.

12          THE COURT:  Did you get discovery from the

13  Government on this case?

14          MR. KINDLON:  I was given full discovery by the

15  Government, yes.

16          THE COURT:  Have you made any promises or threats

17  to induce your client to plead guilty?

18          MR. KINDLON:  No.

19          THE COURT:  Are you satisfied that he is pleading

20  guilty freely and voluntarily with an understanding of the

21  charge and the nature -- pardon me, the nature of the charge

22  and the consequences?

23          MR. KINDLON:  Yes, your Honor.

24          THE COURT:  Do you know of any viable defense that

25  your client has to the charge?

*USA v. Lababneh — 14-CR-189*

1    MR. KINDLON: There is no viable defense to
2  interpose to the charge here.

3    THE COURT: Do you know of any other reason why
4  the defendant should not plead guilty here today?

5    MR. KINDLON: No, your Honor.

6    THE COURT: All right, thank you, Mr. Kindlon.
7  I've taken into consideration the statements made to me by
8  you, Mr. Lababneh, as well as those made to me by your
9  attorney, Mr. Kindlon, and the Assistant United States
10  Attorney, Mr. Coffman. Based on those discussions, it is
11  the finding of the Court that you are pled guilty knowingly
12  and voluntarily, that you are competent and capable of
13  entering an informed plea, that you understand the charges
14  against you and the consequences of pleading guilty, that
15  there was a basis in fact for the Court accepting this plea
16  into the record. The plea agreement and the addendum, if
17  any, are incorporated into the record. I accept your plea
18  and you are now adjudged guilty of those offenses.

19    I direct Probation to prepare and submit a
20  presentence report. Counsel, the clerk will electrically
21  file the Northern District Uniform Presentence Order. Once
22  the presentence report is prepared, it will be lodged with
23  the clerk's office and you will receive it electrically
24  through ECF. Any objections to the report must be submitted
25  in writing to Probation within 14 days of receipt of the

*USA v. Lababneh — 14-CR-189*

1   report.

2          Sentencing is set for December 12, 2014, at

3   10:00 AM, here in Albany.  I'll repeat that date and time.

4   It's December 12, 2014, at 10:00 AM here in Albany.

5          Mr. Kindlon, what is your position in terms of

6   whether or not, just briefly, Mr. Lababneh should be

7   incarcerated pending sentencing?

8          MR. KINDLON:  Your Honor, we're moving the Court

9   enter an order releasing Mr. Lababneh on conditions pending

10  sentencing.  He has, within the last week, become the father

11  of a baby and I've spoken many times by telephone with his

12  wife and she's very eager to have him come home and help

13  out.

14         THE COURT:  Is there any objection from the

15  Government on that?

16         MR. COFFMAN:  There is no objection, your Honor,

17  subject to conditions.

18         THE COURT:  All right.  I've carefully reviewed

19  the materials that have been provided to me by Probation on

20  Mr. Lababneh and I've looked at all of the facts and

21  circumstances before me, and based upon what I've reviewed,

22  he does not appear to be a danger to the community.

23  Therefore, I'm going to order that Mr. Lababneh be released

24  subject to certain conditions, and although the defendant

25  will be signing these conditions, I'm going to go over them

*USA v. Lababneh - 14-CR-189*

1 ║ at this time.

2 ║          The defendant shall not commit any offense in

3 ║ violation of federal, state or local law while on release;

4 ║ the defendant must cooperate in the collection of DNA, if

5 ║ the collection is authorized by 42, United States Code,

6 ║ 14135a; the defendant shall immediately advise the Court,

7 ║ defense counsel and the Assistant United States Attorney in

8 ║ writing before any change in address and telephone number;

9 ║ the defendant shall appear at all proceedings as required

10 ║ and shall surrender for service of any sentence imposed as

11 ║ directed; the defendant must promise to appear at all

12 ║ proceedings as required by law; the defendant will execute

13 ║ an unsecured bond binding the defendant to pay the United

14 ║ States the sum of $25,000 in the event of a failure to

15 ║ appear as required or to surrender as directed for service

16 ║ of any sentence imposed; the defendant will report to

17 ║ pretrial services within 24 hours of release, and a phone

18 ║ number will be provided for that; the defendant shall allow

19 ║ a Probation Officer to visit at any time at the defendant's

20 ║ home or elsewhere and shall permit confiscation of any

21 ║ contraband observed in plain view of the Probation Officer;

22 ║ the defendant shall refrain from possessing a firearm,

23 ║ destructive device or other dangerous weapons; the defendant

24 ║ will maintain or actively seek employment; if he hasn't done

25 ║ so already, he will surrender his passport to the Clerk of

*USA v. Lababneh - 14-CR-189*

1   the Court; he shall obtain no new passport; his travel is
2   restricted to the Northern and Southern Districts of New
3   York, unless approved by pretrial services and the Court;
4   you must remain at an authorized address as approved by
5   pretrial services or the Court; you must refrain from the
6   excessive use of alcohol; you must refrain from the
7   possession, use, distribution, importation or manufacture of
8   any and all controlled substance and any and all controlled
9   substance analogues as defined in 21, United States Code,
10  Section 802, except that possession and use of a controlled
11  substance properly prescribed by a licensed medical
12  practitioner is permitted; he must submit to any method of
13  testing required by the pretrial services office or the
14  supervising officer for determining whether he's using a
15  prohibited substance; these methods of testing may
16  include -- they may be used with random frequency and
17  include urine testing, the wearing of a sweat patch or a
18  remote alcohol testing system; he must participate and
19  successfully complete a program of inpatient and/or
20  outpatient substance abuse therapy and counseling approved
21  by pretrial services or the Court; the defendant will
22  contribute to the cost of the services rendered in an amount
23  to be determined by the Probation Officer based upon the
24  ability to pay or the availability of third-party payments;
25  he must refrain from obstructing or attempting to obstruct

*USA v. Lababneh - 14-CR-189*

1   or tamper in any fashion with the efficiency and accuracy of

2   any prohibited substance testing or electronic monitoring

3   which are required as a condition of release; he must report

4   within 72 hours to pretrial services or the Court any

5   contact with any law enforcement personnel, including, but

6   not limited to, any arrest, questioning or traffic stop.

7           I will reiterate, Mr. Lababneh, that you must

8   appear for sentencing as I have set forth.  If you do not

9   appear for sentencing as I have set forth, that, in and of

10  itself, is a criminal offense for which you could be subject

11  to imprisonment.  All of the conditions of your release are

12  going to apply pending your sentencing.  The penalties for

13  violating any of those conditions can be quite severe.

14          You must also meet with the Probation Officer so

15  that the Probation Officer can prepare a report.  During

16  that meeting, you must cooperate with the Probation Officer,

17  answer questions and provide information.  Your attorney may

18  be present if you wish.

19          I will remind Mr. Lababneh, as well as the

20  attorney, that if imprisonment is ordered, the defendant

21  will be remanded on the day of sentencing.

22          Is there anything further on behalf of the

23  Government?

24          MR. COFFMAN:  No, your Honor.  Thank you.

25          THE COURT:  Is there anything further on behalf of

1    the defendant?

2              MR. KINDLON:  No, your Honor.

3              THE COURT:  All right.  Court stands adjourned.

4                   (This matter adjourned at 1:18 PM.)

5                        - - - - -

6

7         CERTIFICATION OF OFFICIAL REPORTER

8

9

10             I, THERESA J. CASAL, RPR, CRR, CSR, Official

11   Realtime Court Reporter, in and for the United States

12   District Court for the Northern District of New York, do

13   hereby certify that pursuant to Section 753, Title 28,

14   United States Code, that the foregoing is a true and correct

15   transcript of the stenographically reported proceedings held

16   in the above-entitled matter and that the transcript page

17   format is in conformance with the regulations of the

18   Judicial Conference of the United States.

19

20             Dated this 9th day of July, 2015.

21

22        **/s/ THERESA J. CASAL**

23        THERESA J. CASAL, RPR, CRR, CSR

24        FEDERAL OFFICIAL COURT REPORTER

25

                    *THERESA J. CASAL, RPR, CRR*
              *UNITED STATES DISTRICT COURT - NDNY*

A-60